UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 13-cv-01056-WYD
Criminal Case No.  11-cr-00117-WYD

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1.  GERALD R. RISING, JR., a/k/a GERRY RISING,

   Movant.

_____

## ORDER

_____

This matter is before the Court on "Gerald R. Rising, Jr.'s Pro Se Motion for
Reconsideration of This Court's Order Denying Habeas Corpus Relief <u>November 4,
2014</u>" filed December 2, 2014.  A response was filed on February 12, 2015, and a reply
was filed on February 20, 2015.  On December 30, 2014, while Mr. Rising's motion for
reconsideration was pending, he filed a Notice of Appeal of this Court's Order and
Judgment denying his habeas petition.  On January 30, 3015, the Tenth Circuit abated
the appeal pending resolution of Mr. Rising's motion for reconsideration.

I note that "'[t]he Federal Rules of Civil Procedure recognize no motion for
reconsideration.'"  *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and
internal quotation marks omitted).  If the motion to reconsider is filed within 28 days of
the final judgment, as here, the court may construe the motion "either as a motion to
alter or amend the judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from

the judgment under Fed. R. Civ. P. 60(b)." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). How the court construes it "depends upon the reasons expressed by the movant." *Id.* "A Rule 59(e) motion is the appropriate vehicle 'to correct manifest errors of law or to present newly discovered evidence.'" *Id.* (quotations omitted). A motion for reconsideration is also properly characterized as a Rule 59(e) motion when the plaintiff claims the court overlooked the applicable statute and the facts. *Id.* "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1), (2)). In the case at hand, Mr. Rising's motion for reconsideration argues that the Court erred when it failed to hold an evidentiary hearing, and that the Court thus made an error of law. Under the above authority, this would properly be characterized as a Rule 59(e) motion.

However, I must determine whether this is a "true" Rule 59(e) motion or actually a second or successive habeas petition as argued by the government. As noted by the Third Circuit, "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), . . . places the federal courts in the role of 'gate-keeper', charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'" *Blystone v. Horn*, 664 F.3d 397, 411 (3rd Cir. 2011). Pursuant to this gate-keeping function, the court must determine whether the petitioner has presented a claim in a second or successive petition. *Id.* The government asserts

that Mr. Rising's motion is a second or successive petition because it seeks to develop

the merits of his previously filed habeas petition.  Since Mr. Rising has not received

authorization from the Tenth Circuit to file a successive petition, the government argues

that the Court does not have jurisdiction to consider the issues raised in the motion, and

that the motion should be dismissed rather than transferred to the Tenth Circuit.

Turning to my analysis, while the United States Supreme Court has yet to

examine when a Rule 59(e) motion should be treated as a second or successive

habeas petition, it has explained when a Rule 60(b) motion should be considered a

successive petition under the AEDPA.  Thus, it held that a Rule 60(b) motion should be

characterized as a second or successive petition if it is a merits-based challenge

asserting or reasserting a "claim", that is, "an asserted federal basis for relief from a

state court's judgment of conviction."  *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005)).

It further explained:

> A motion can ... be said to bring a "claim" if it attacks the federal court's
> previous resolution of a claim *on the merits,* since alleging that the court
> erred in denying habeas relief on the merits is effectively indistinguishable
> from alleging that the movant is, under the substantive provisions of the
> statutes, entitled to habeas relief. That is not the case, however, when a
> Rule 60(b) motion attacks, not the substance of the federal court's
> resolution of a claim on the merits, but some defect in the integrity of the
> federal habeas proceedings.

*Id.* at 532 (footnote omitted).  The term "on the merits" refers "to a determination that

there exist or do not exist grounds entitling a petitioner to habeas corpus relief."  *Id.* at

532 n. 4.  "When a movant asserts one of those grounds (or asserts that a previous

ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.*

On the other hand, the motion is a "'true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.'" *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (citing *Gonzales*, 545 U.S. at 532 and n. 4)). Examples of a defect in the integrity of the habeas proceeding are a fraud on the federal habeas corpus court, *Gonzales*, 545 U.S. at 532, n. 5, or the failure to consider a habeas claim made in the original petition. *Spitznas*, 464 F.3d at 1225. Examples of a challenge to a procedural ruling which precluded a merits determination include failure to exhaust, procedural default, or a statute-of-limitations bar. *Gonzales*, 545 U.S. at 532 n. 4.

The Tenth Circuit has adopted the *Gonzales* analysis in determining whether a motion to reconsider regarding a § 2255 claim should be deemed a second or successive petition. *In Re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009). Further, while there is a Circuit split as to whether a Rule 59(e) motion should similarly be treated as a second or successive motion[1], the Tenth Circuit has held that a Rule 59(e) motion is a second or successive motion when it meets the *Gonzales* criteria. *See United States v. Hendrix*, 571 F. App'x 661, 664 (10th Cir. 2014) ("It is settled in this

---

[1] *Compare, e.g., Blystone*, 664 F.3d at 415; *Howard v. United States*; 533 F.3d 472, 476 (6th Cir. 2008), *with United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006).

circuit that a Rule 59(e) motion that simply 'asserts or reasserts a federal basis for relief

from the petitioner's underlying conviction is actually a second or successive ... § 2255

motion.'") (unpublished) (quoting *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir.

2006)); *Richardson v. Ploughe*, 577 F. App'x 771, 777 (10th Cir. 2014) (unpublished).

Even construing Mr. Rising's motion liberally because he is proceeding pro se,

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I find that Mr. Rising's motion is

not a "true" Rule 59(e) motion but a second or successive habeas petition.  The motion

asserts that the Court ignored Mr. Rising's alleged facts regarding the involuntariness of

his plea and erred in failing to hold an evidentiary hearing as to same.  This does not

implicate merely a procedural ruling which precluded a merits determination of the

habeas application.  As noted in the *Lindsey* case, the "decision not to hold an

evidentiary hearing did not preclude a merits determination on [Mr. Rising's] § 2255

motion; it was the *result* of a merits determination."  582 F.3d at 1175.  This Court

necessarily made a merits determination in deciding Mr. Rising's motion for

reconsideration without a hearing.

Moreover, while Mr. Rising argues that the motion is not a second or successive

petition because he challenges a defect in the integrity of the federal habeas

proceeding, I disagree.  Instead, his motion leads "inextricably to a merits-based attack

on the dismissal of the § 2255 motion." *Lindsey*, 582 F.3d at 1175.  The Tenth Circuit

held in *Lindsey* that "[t]he decision not to hold an evidentiary hearing essentially is th

equivalent of a dismissal for failure to state a claim or a summary judgment, because

the district court has concluded that the record does not entitle the prisoner to relief;

either the prisoner has failed even to allege facts on which relief could be predicated or the record conclusively contradicts the prisoner's allegations." *Id.* at 1175-76. It further noted:

> there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

*Id.* at 1176; see also *Campbell v. Martin*, 564 Fed. App'x 415, 418 (10th Cir. 2014) (unpublished); *United States v. Ciocchetti*, 480 Fed. App'x 912, 914 (10th Cir. 2012) (unpublished).

Based on the foregoing, I find that Mr. Rising's motion for reconsideration is merits-focused and is a "claim" as defined in *Gonzalez*. Accordingly, his motion must be deemed a second or successive habeas petition. In the absence of authorization from the Tenth Circuit to file a second or successive petition, this Court lacks jurisdiction to consider the motion. *In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The motion must either be dismissed for lack of jurisdiction or, if it is in the interest of justice, transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Id.*

I find that a transfer is not in the interest of justice as Mr. Rising's motion does not meet the requirements of § 2255(h), *i.e.,* it does not rely on newly discovered evidence or a new rule of constitutional law. *See United States v. Lara-Jimenez*, 377 F. App'x 820, 822 (10th Cir. 2010) (unpublished) ("[a] transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." (citing *Cline*, 531 F.3d at 1252).

Moreover, since the case is already pending in the Tenth Circuit, it does not fall within the purview of the transfer statute, 28 U.S.C. § 1631 (stating that where a court finds a want of jurisdiction as to a civil action, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . .*could have been brought at the time it was filed. . . .*") (emphasis added).   Instead, I dismiss Mr. Rising's motion for lack of jurisdiction.

In conclusion, it is

ORDERED that Gerald R. Rising, Jr.'s Pro Se Motion for Reconsideration of This Court's Order Denying Habeas Corpus Relief <u>November 4, 2014</u>" (ECF No. 115), which I have construed as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED FOR LACK OF JURISDICTION**.

Dated:  May 29, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge