# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 11-cr-117-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **GERALD R. RISING, JR., a/k/a GERRY RISING**,

    Defendant.

---

## ORDER DENYING MOTION TO MODIFY RESTITUTION ORDER

---

    This case was transferred to the undersigned upon the passing of Senior United States District Judge Wiley Y. Daniel. (ECF No. 166.) This case has an extensive factual and procedural history, with which the Court presumes familiarity.

    In 2011, Defendant Gerald R. Rising ("Rising") pleaded guilty to Mail Fraud, Theft or Embezzlement in Connection with Health Care, Money Laundering, and Aiding and Abetting. (ECF Nos. 39 & 40.) A sentencing hearing was held on March 30, 2012, at which time Rising was sentenced to a term of 66 months of imprisonment and ordered to pay restitution in the amount of $3,500,000. (ECF No. 63.) On April 11, 2012, a criminal judgment was entered, memorializing Rising's term of imprisonment and amount of restitution owed. (ECF No. 64.) On May 30, 2012, Judge Daniel entered an order confirming restitution in the amount of $3,500,000 ("Restitution Order"; ECF No. 70).

    Since then, Rising has filed a plethora of various motions. (*See, e.g.*, ECF

Nos. 79, 80, 81, 98, 99, 100, 115, 120, 124, 130, 140, 160; *see also* ECF Nos. 104-1, 110, 134-1.) Notably, at least for the purposes of this Order, several of these motions seek modification of the Restitution Order. (ECF Nos. 79, 130, 160; *see also* ECF No. 80 at 8, 31–32; ECF No. 98 at 5.)

Currently before the Court is one such motion—namely, Rising's Motion to Modify Restitution Order ("Motion"; ECF No. 160). In the Motion, Rising requests this Court to "(1) Order the Government to accurately calculate the actual loss directly attributable to Rising's acknowledged criminal conduct in accordance with *United States v. Evans*, 744 F.3d 1192 (10th Cir. 2014); and (2) Direct the Government to cease taking funds from his monthly social security benefits and to return the funds that have been taken to date." (ECF No. 160 at 6.) The Court will address each of these requests in turn.

## I. MODIFYING THE RESTITUTION ORDER

Rising's previous motions seeking modification of the Restitution Order were denied by Judge Daniel pursuant to 28 U.S.C. § 2255(h) as they were deemed successive Section 2255 motions that challenged the correctness of Rising's sentence. (ECF No. 136 at 5–6 (denying ECF Nos. 79 & 130).) In the Response, the Government argues that the Motion should be denied because, *inter alia*, it is Rising's fifth motion brought pursuant to Section 2255. (ECF No. 164 at 7–9.) In his Reply, Rising informs the Court that the "Motion is not intended [to] be a repetitive § 2255 Motion." (ECF No. 165 at 3.)

The Court finds that it need not determine whether the Motion was brought

pursuant to Section 2255 because the Tenth Circuit has held that "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255 as a vehicle for such a challenge." *United States v. Grigsby*, 579 F. App'x 680, 684 n.1 (10th Cir. 2014); *see also United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) ("[defendant] cannot challenge the amount of restitution awarded by way of a § 2255 motion . . . ."). Rather, "a challenge to a restitution order should be brought on direct appeal within fourteen days following the judgment or order of restitution"—which Rising has not done. *Grigsby*, 579 F. App'x at 684. Nevertheless, Rising's Restitution Order can still be modified or adjusted pursuant to the exceptions enumerated in 18 U.S.C. § 3664(o):

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that–
>
> > (1) such a sentence can subsequently be–
> >
> > > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> > >
> > > (B) appealed and modified under section 3742;
> > >
> > > (C) amended under subsection (d)(5); or
> > >
> > > (D) adjusted under section 3664(k), 3572, or 3613A; or
> >
> > (2) the defendant may be resentenced under section 3565 or 3614.

*See also Grigsby*, 579 F. App'x at 684.

In its Response, the Government notes that Rising does not explain in his Motion how any of the exceptions enumerated in Section 3664(o) apply, nor could he as the exceptions are clearly not applicable. (ECF No. 164 at 5–7.) In his Reply, Rising does

3

not address Section 3664(o) or the Government's arguments regarding the statute, but instead relies on the Tenth Circuit's decision in *Evans*, 744 F.3d 1192. (*See* ECF No. 165.)

Reviewing Section 3664(o)'s exceptions, the Tenth Circuit has explained:

> Section 3742 addresses sentencing appeals.[1] Section 3664(d)(5) addresses losses unascertainable at the time of sentencing[2]. . . . Section 3572 addresses the imposition of a fine in relation to restitution. Section 3613A addresses the effect of a default in restitution payments. Section 3565 addresses revocation of probation. [Section] 3614 addresses resentencing upon a failure to pay restitution. [And] Fed. R. Crim. P. 35 . . . permits a district court to correct a sentence that resulted from arithmetical, technical, or other clear error. . . . But Rule 35(a) requires a court to correct a sentence within 14 days after sentencing.

*United States v. Wyss*, 744 F.3d 1214, 1218 (10th Cir. 2014) (internal citations and quotation marks omitted) (alteration incorporated). Section 3664(o)'s remaining provision—Section 3664(k)—authorizes the Court, upon notice of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require." The Motion, however, does not seek the modification of payment schedules, but instead seeks an order requiring the Government to recalculate the amount of restitution. In reviewing the exceptions enumerated in Section 3664(o), it

---

[1] In certain circumstances, Section 3742 allows defendants to seek review of an otherwise final sentence by filing a notice of appeal. Rising did not file a notice of appeal, nor could the Motion be construed as a notice of appeal. And, in any event, Rising waived his right to appeal under Section 3742. (ECF No. 40 at 5.)

[2] In certain circumstances, Section 3664(d)(5) allows courts to *increase* the amount of restitution owed to a victim for losses that were unascertainable at the time of the victim's initial claim for restitution.

is abundantly clear that none of them authorize the Court to recalculate Rising's restitution over seven years after his sentencing. *See Wyss*, 744 F.3d at 1218–19.

Even if the Court could reach the merits of the Motion, it is clear that Rising has misconstrued the applicability of *Evans*—the case on which his restitution arguments are primarily based. 744 F.3d 1192. In *Evans*, the amount of loss was vigorously disputed from the beginning. *See id*. at 1195–96. In the plea agreement, Evans "disputed the government's loss calculation and reserved the right to challenge it." *Id*. at 1195. Two months before his sentencing hearing, Evans filed a motion disputing the Government's methodology for calculating the amount of loss and sought more time to investigate the loss that was the result of his fraud (as opposed to certain extrinsic factors). *Id*. His motion, however, was denied by the district court. *Id*. Evans then filed an objection to the Presentence Investigation Report, focusing mainly on the Government's loss calculation. Eleven days before his sentencing hearing, Evans "filed a sentencing memorandum again challenging the government's loss calculation." *Id*. At the sentencing hearing, the district court adopted the Government's loss calculation despite Evans's protests. *Id*. Ten days later, Evans appealed. *Id*. at 1196. On appeal, the Tenth Circuit instructed the district court on how to properly determine the amount of loss caused by Evans's fraud. *Id*. at 1196–98.

The case at hand is markedly different. Rising did not dispute the amount of loss in the plea agreement—instead, he "stipulate[d] that the aggregate loss to the victims in this case was over $2.5 million, but less than $7 million." (ECF No. 40 at 12–13.) The Presentence Investigation Report stated that "the parties have agreed to restitution in

5

the amount of $3,500,000" and "recommended that [Rising] be ordered to make restitution in the amount of $3,500,000." (ECF No. 57 at 7; ECF No. 57-1 at 2.) At the sentencing hearing, Judge Daniel noted that the stipulated loss was $3,500,000 and this figure was acknowledged by Rising: "Nothing I have said here is justification for the $3.5 million loss to the victims." (ECF No. 96-2 at 9, 40.) During the sentencing hearing, Judge Daniel ordered Rising to pay $3,500,000 in restitution, and this order was set forth in the judgment. (*Id*. at 51; ECF No. 65 at 6.) After judgment was entered, Rising did not appeal.

Nevertheless, over seven years later, Rising is now requesting the Court to order the Government to recalculate the amount of restitution in accordance with *Evans*. The Court finds that the framework for calculating restitution outlined in *Evans* does not apply in this case as Rising stipulated to the amount of restitution and failed to object to the Government's calculation until it was far too late. Indeed, Rising had ample opportunity to dispute the amount of restitution by objecting (1) to the PSR, (2) at the sentencing hearing, (3) to the judgment, (4) to the Motion for Order for Restitution, or (5) to the Restitution Order—yet he chose not to. As Judge Daniel noted in 2016, "the Restitution Order is valid and there is no basis for a reduction of the amount [Rising] owes. [Rising] did not object to or appeal the Restitution Order after it was entered, and there is no basis for him to do so now." (ECF No. 136 at 6.)

Because Rising failed to challenge the Restitution Order through a direct appeal within fourteen days of the order, and because none of the exceptions enumerated in Section 3664(o) are applicable in this instance, the Court denies Rising's Motion to the extent it seeks modification of the Restitution Order.

6

## II. GARNISHMENT OF SOCIAL SECURITY INCOME

After Rising was released from prison in 2016, he applied for and began receiving Social Security income. (ECF No. 160 at 3.) After Rising reported his Social Security payments as his only income to his probation officer, the payments began to be garnished for restitution. (*Id*. at 5.) In the Motion, Rising requests the Court "to direct the Government to cease taking funds for restitution from his monthly social security benefits and return the funds that have been taken to date." (*Id*. at 1.) Rising bases this request on two state court opinions that found that garnishment of Social Security income pursuant to a state statute was not permitted as it conflicted with the Social Security Act's anti-alienation provision, 42 U.S.C. § 407(a). (*Id*. at 6 (discussing *In re Lampart*, 856 N.W.2d 192 (Mich. Ct. App. 2014); *State v. Eaton*, 99 P.3d 661 (Mont. 2004)).)

In the Response, the Government discusses in length how "*federal law* explicitly authorizes the administrative offset of Rising's Social Security income," and how it properly followed the "procedure prescribed by the administrative offset statute and Department of Justice regulations." (ECF No. 164 at 12–14 (emphasis added).) In his Reply, "Rising reaffirms his arguments as set forth in his Motion." (ECF No. 165 at 2; *see also id*. at 6.) That is the extent to which Rising addresses the Government's arguments concerning his Social Security income (*see* ECF No. 165), and likely for good reason, as it is clear that federal law authorizes the garnishment of such income. *See* 31 U.S.C. § 3716. Indeed, one of the two cases Rising bases his argument on notes that "although state courts may not enforce restitution orders or fines against an

7

individual's Social Security benefits, '[t]*he United States may enforce*' fines or restitution orders against an individual's Social Security benefits." *In re Lampart*, 856 N.W.2d at 197 n.5 (2014) (emphasis in original) (citing 18 U.S.C. § 3613(a) and (f)).

As a result of the foregoing, the Court denies Rising's Motion to the extent it seeks an order directing the Government to cease garnishing his Social Security income for restitution purposes.

### III. CONCLUSION

For the reasons set forth above, the Court denies Defendant Rising's Motion to Modify Restitution Order (ECF No. 160).

Dated this 22nd day of July, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge